Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MARC LAMOUREUX AND SUSAN KIMBROUGH,

                    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, AND EQUIFAX INFORMATION SERVICES, LLC.

                    Defendants.

No. 2:17-CV-01423-RAJ

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 16 and 26(f), and the Court's Orders on Initial Discovery, (Dkt # 13), Plaintiffs and Defendants (collectively the "Parties") submit the following Joint Status Report and Discovery Plan.

**1.     A statement of the nature and complexity of the case.**

Plaintiffs allege that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1692 *et seq.* ("FCRA"), t the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Washington State Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"), the Washington State Collections Agency Act, RCW 19.16 *et seq.* ("WCAA"), and the Washington State Consumer Loan Act, RCW 31.04 *et seq.* ("WCLA").

The Plaintiff alleges that Ocwen Loan Servicing, LLC and Equifax Information Services, LLC provided the Plaintiffs with inconsistent, misleading and confusing documentation and

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

information regarding amounts allegedly owed on their former residential mortgage loan. Credit reporting and erroneous debt collection continued for mortgage loans associated with their former residence, 1 Old Farm Road, Bedford, N.H. (hereafter, the "Former Residence") despite efforts to dispute the erroneous collection and credit reporting with Defendants.

Plaintiffs allege that they suffered damages, including emotional distress as a result of the relentless pursuit by Ocwen for a debt that was cancelled more than six years ago. Plaintiffs have suffered anger, sadness, and helplessness during the years that they tried to clear their names with Ocwen and Equifax. The Plaintiffs allege that the actions of Defendants have proximately caused Plaintiffs' loss of time, loss of money, including attorney fees and costs spent to inquire and correct the problems created by the Defendants. Additionally, Plaintiffs allege that they have suffered compensatory damages, actual damages, treble damages and attorney's fees and costs as well as injunctive relief.

Defendants:

Ocwen: Ocwen states that it complied with the FCRA, FDCPA, WCPA, WCAA, and WCLA in its servicing of Plaintiffs' loan.  Ocwen denies that it caused Plaintiffs to suffer any damages or is otherwise liable to Plaintiffs.

Equifax: Equifax is a consumer reporting agency as that term is defined by the FCRA. Equifax states that it complied with the FCRA in its handling of Plaintiff's credit file, including its responses to Plaintiff's disputes. Equifax denies that it caused Plaintiff to suffer any damages or is otherwise liable to Plaintiff.

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

The Parties agree that this case is not complex.

**2.      A proposed deadline for the joining of additional parties.**

The deadline for joining additional Parties should be 30 days following the filing of this Joint Status Report.

**3.      Whether the parties consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings.**

No.

**4.      A discovery plan that states, by corresponding paragraph letters, the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

**a.      Initial disclosures.**

The Parties are to exchange initial discovery on or before November 30, 2017, as required by the Court's Order on initial discovery.  (Dkt # 13).

**b.      Subjects, timing, and potential phasing of discovery.**

The Parties intend to use the standard tools of discovery, which includes Interrogatories, Requests for Production, Requests for Admission, depositions, and potentially stipulations and/or subpoenas where documents need to be obtained from non-parties.  At this time, the Parties do not believe there should be phasing of discovery.  For the subjects of discovery, see the response to Section 5(e), below.

**c.      Electronically stored information.**

The parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary, and if an

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 3
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

Agreement is warranted, to use the Western District of Washington's Model ESI Agreement with as few revisions to the Model as practicable.

### d.        Privilege issues.

The parties intend to cooperate to resolve any issues related to privileged information, and use the Model Stipulated Protective order with as few revisions to the Model as practicable. The parties agree that communications made after the attorney had been retained in this matter do not need to be stated on any privilege log.  The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production.

### e.        Proposed limitations on discovery.

All discovery should be limited as provided for in the Federal Rules of Civil Procedure and Local Rules.  The Parties do not currently seek additional limitations on discovery, but may seek limitations should the need arise.

### f.        The need for any discovery related orders.

The Parties intend to work together to resolve all discovery issues, however, it is foreseeable that the Defendants may potentially need to seek additional discovery orders related to the scope and types of discovery permitted, depending upon the types of discovery sought by the Parties.   The parties intend to cooperate to resolve any issues related to privileged information, and use the Model Stipulated Protective order with as few revisions to the Model as practicable.

**5.       The parties' views, proposals, and agreements, by corresponding paragraph letters, on all items set forth in Local Civil Rule 26(f)(1):**

### a.        Prompt case resolution.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 4
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case.  The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**b.     Alternative dispute resolution.**

The parties are agreeable to private mediation after the exchange of basic information in discovery and prior to the filing of dispositive motions.

**c.     Related cases.**

There are currently no related cases.

**d.     Discovery management.**

Discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules.  The Parties do not currently seek additional management on discovery issues.

**e.     Anticipated discovery sought.**

The parties anticipate discovery depositions of the parties and discovery pursuant to Civil Rule 33, 34 and 36.  There also may be a need for some discovery from non-parties.

Plaintiff currently intends to conduct discovery on the following topics:

1.     Discovery regarding Ocwen's collection of mortgage loan debts after foreclosure

2.     Discovery regarding Ocwen's collection of mortgage loan debts after charge-off.

3.     Discovery regarding Ocwen's collection of mortgage loan debts after debt cancellation

4.     Discovery regarding Ocwen's collection of mortgage loan debts after transfer from Litton.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 5
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

5.      Discovery regarding Ocwen's issuance of IRS form 1099-C debt cancellation for mortgage loan debts.

6.      Discovery regarding Ocwen's handling and process of disputes from consumers regarding the collection of mortgage loan debts.

7.      Discovery regarding Ocwen's reporting of cancelled and charged-off debts to credit bureaus and handling and review of credit disputes from credit bureaus.

8.      Discovery related to Ocwen's issuance of erroneous IRS form 1099-C's for debt cancellation.

9.      Discovery related to the issuance of Ocwen's debt collection letters and debt communications.

10.     Discovery related to Ocwen's mailing of written monthly statements claiming that Ocwen has been servicing mortgage loans after the debt has already been cancelled.

11.     Discovery related to the issuance of Equifax's reasonable procedures regarding the preparation of credit reports and credit files it publishes and maintains concerning the Plaintiffs.

12.     Discovery related to the review of the credit disputes Equifax received from the Plaintiffs.

13.     Discovery related to the communication of the amount of debt, date of charge-off and the current status of debts that Equifax reported regarding the debts disputed by the Plaintiffs.

Defendants currently intends to conduct discovery on the following topics:

1.      Equifax anticipates seeking discovery on all issues raised in Plaintiff's complaint including Plaintiff's alleged damages.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 6
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

2.      Ocwen anticipates seeking discovery on all of the issues raised in Plaintiffs' complaint, including but not limited to the Plaintiffs' alleged damages.

The Parties may add topics of discovery as additional information is learned in the discovery process.

**f.      Phasing motions.**

The Parties do not believe that phasing motions is desirable.

**g.      Preservation of discoverable information.**

**h.      The parties agree to take all reasonable measures to preserve discoverable information and privilege issues.**

See response to Section 4(d) above.

**i.      Model Protocol for Discovery of ESI.**

The parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary. The parties may agree to use the Model Protocol, with as limited revisions as necessary, should discovery of ESI be agreed upon by the parties or ordered by the Court.

**j.      Alternatives to Model Protocol.**

No suggestions at this time.

**6.      The date by which discovery can be completed.**

The Parties believe that discovery can be completed by 100 days prior to trial, except that depositions of the experts may take place up to 60 days before trial.

**7.      Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 7
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

Pursuant to Fed. R. Civ. P. 42(b), the parties request the Court bifurcate the liability phase of the trial from the punitive damage phase of the trial (if necessary).  Bifurcation of trial into separate phases to consider, first, liability and compensatory damages, and second, punitive damages, can avoid the potential that evidence pertinent to punitive damages will improperly prejudice a determination on liability and compensatory damages.

**8.      Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order.

**9.      Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The Parties do not intend to use the Individualized Trial Program set forth in Local Civil Rule 39.2.  The preferred ADR option is to use a private mediator.

**10.     Any other suggestions for shortening or simplifying the case.**

Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case.  The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**11.     The date the case will be ready for trial.**

The Parties believe that they can be prepared for trial in one year after entry of a Scheduling Order.

**12.     Whether the trial will be jury or non−jury.**

Plaintiff has demanded a jury.

**13.     The number of trial days required.**

The Parties believe that five (5) full court days will be needed to try this case.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 8
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595

**14.   The names, addresses, and telephone numbers of all trial counsel.**

1. Attorneys for Plaintiff

   Christina L. Henry
   Henry & DeGraaff, P.S.
   150 Nickerson St, Ste 311
   Seattle, WA  98109
   (206) 330-0595
   chenry@hdm-legal.com

   Jason D. Anderson, WSBA #38014
   ANDERSON SANTIAGO, PLLC
   787 Maynard Ave S.
   Seattle, WA 98104
   T: 206-395-2665
   jason@alkc.net

2. Attorney for Defendants

   Ethan G. Ostroff
   TROUTMAN SANDERS LLP
   222 Central Park Avenue
   Suite 20000
   Virginia Beach, VA 23464
   (757) 687-7541
   Ethan.ostroff@troutmansanders.com

   Abraham K. Lorber
   LANE POWELL, PC
   1420 Fifth Ave
   Suite 4200
   Seattle, WA 98111
   206-223-7000
   Fax 206-223-7107
   lorbera@landpowell.com

   Jeffrey M. Edelson
   MARKOWITZ HERBOLD PC

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 9
33396070v1

1211 SW 5th Ave
Ste 3000
Portland, OR 97204-3730
506-295-3085
jeffedelson@MHGM.com

**15.    The dates on which the trial counsel may have complications to be considered in setting a trial date.**

None known at this time.

**16.    Whether all defendant(s) have been served.**

Yes.

**17.    Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

No.

**18.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

Defendant Ocwen Loan Servicing filed its Rule 7.1 corporate disclosure statement on October 12, 2017.  (Dkt # 7). Defendant Equifax Information Services, LLC filed its Rule 7.1 corporate disclosure statement on October 19, 2017.  (Dkt # 12)

DATED this 7th day of December, 2017.

HENRY & DEGRAAFF, P.S.

By: _/s/ Christina Henry_____
    Christina L. Henry, WSBA No. 31273
    Attorneys for Plaintiffs

ANDERSON SANTIAGO, PLLC

By: _/s/ Jason Anderson_____
    Jason Anderson, WSBA No. 38014
    Attorneys for Plaintiffs

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 10
33396070v1

1

2          TROUTMAN SANDERS LLP

3

4          By: ___/s/ Ethan G. Ostroff_____
              Ethan G. Ostroff
5              Attorneys for Defendant Ocwen Loan
           Servicing, LLC

6

7          LANE POWELL, PC

8

           By: ___/s/ Abraham K. Lorber_____
9              Abraham K. Lorber
               Attorneys for Defendant Ocwen Loan
10         Servicing, LLC

11

           MARKOWITZ HERBOLD PC
12

13         By: ___/s Jeffrey M. Edelson_____
              Jeffrey M. Edelson
14             Attorneys for Defendant Equifax Information
           Services, LLC

15

16

17

18

19

20

21

22

23

24

25

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN - 11
33396070v1

HENRY & DEGRAAFF, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595